YOUNG et al. v. YEOMAN et al.

No. 122.

District Court, N. D. Iowa, Cedar Rapids Division.

Dec. 31, 1930.

Bronson & Charlton, of Manchester, Iowa, for plaintiffs.

Bush & Bush, of Davenport, Iowa, for defendants.

SCOTT, District Judge.

Suit for infringement of patent No. 1,610,842. Invention patented "relates to improvements in toothed implements, and the object * * * is to supply a device of this class which is light, portable, for manual use, and in construction devised for superior operation under all its conditions of employment." There are three claims to plaintiff's patent, which read as follows:

"1. A device of the character described, comprising a handle, a plurality of tines connected intermediately to the handle, and a guiding-bar secured to the handle, said tines being curved toward and loosely mounted across the guiding-bar for longitudinal free play relative thereto by yielding of their parts.

"2. A device of the character described, comprising a handle, a plurality of elastic tines connected intermediately to the handle, thence curved forwardly, a chain connecting device having links loosely mounted upon said tines and movable longitudinally along the tines to vary their spacial relation, and a deformable adjusting device medially connected to said handle back of said guiding-bar and end-connected to opposite parts of

said chain connecting-device to hold the latter in an adjusted position flexibly and longitudinally upon said tines.

"3. A device of the character described, comprising a handle having a longitudinal kerf at one end, a plurality of elastic tines positioned in said kerf intermediately, all the tines being bent intermediately with a crimp and the tines arranged in contact and parallel with the said crimps nested, means for locking said tines as nested to the handle, and a guiding-bar fixed across the handle, said tines being curved toward and loosely mounted across the guiding-bar for free longitudinal adjustments at such curved parts and across the guiding-bar when force is applied to the free ends of the tines."

The answer contains specific denials of the compliance to the prerequisites to the patent and pleads want of novelty and utility, anticipation by Dort, No. 818,751, and other patents, and denies infringement.

A careful analysis of the patent in suit and the Dort patent convinces me that the only substantial difference is the claimed element, standing out in all three claims of the plaintiff's patent, that the tines are loosely mounted across the guiding-bar for longitudinal free play relative thereto. Examination of the file wrapper introduced in evidence convinces me that that one element was the very sine qua non upon which the patent was granted. Rejection of other claims not containing that element strengthens this conclusion. I think the patent in suit should be construed to rest substantially upon this element alone, for all other features of the patent are old. I have very great doubts as to the utility of this feature, but for the purpose of the decision will assume that element sufficient to sustain the validity of the patent, although it is only by the utmost liberality of concession that anticipation by the Dort patent is avoided. The defendant's device, however, in its construction avoids the very element which may lend validity to plaintiff's patent. The tines of the defendant's rake, composed of small wire, pass through the guiding-bar by insertion mechanically through holes in the guiding-bar only three one-thousandths of an inch in diameter greater than the diameter of the tines, which the testimony shows is the smallest hole which the tines could be thrust through successfully. The guiding-bar is composed of a flat piece of steel with the holes referred to drilled or punched through the middle. After the insertion of the tines, the guiding-bar composed of the flat piece of steel is crimped or bent backward bringing it into substantially U-shape, thereby pressing the edges of the holes downward and upward firmly against the wire tines. Thus the defendant's tines are tightly not loosely mounted upon the guiding-bar. The plaintiff in mounting his tines seems to strive for looseness and free play, and contended for that before the Patent Office as the very heart of his invention. On the other hand, defendant claims the merit of his rake in this respect lies in the rigidity in the mounting of his tines and the absence of free play. Generally all of the parts and the combination of the parts of both plaintiff's device and defendant's device are old, and are found in the Dort device. It is only the peculiar adjustment claimed by the plaintiff that gives validity to the claims of his patent.

I therefore conclude that the defendant has not infringed the plaintiff's patent, and the plaintiff's bill should be dismissed. It will be so ordered.